(No. 2182—

JOHN SIGLER, ETC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1934.*

J. S. COOK, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The claimant, John Sigler, seeks to recover under the Workmen's Compensation Act for the death of a brother of claimant, i. e., one Robert Sigler, alleged to have occurred as the result of injuries sustained by the said Robert Sigler on the 27th day of January, A. D. 1933, while said employee was engaged in the discharge of his duties as an employee of the State of Illinois, to-wit: as a "Towpath Walker" in the maintenance of the Illinois and Michigan Canal. The complaint avers that on the day in question, while Robert Sigler was in and about his duties as a "Towpath Walker", and engaged in his duties as such, and while in the course of his employment was struck by a truck; that the towpath upon which he was walking at the time he was run over ran between the cities of Seneca and Marseilles, Illinois; that he died as a result of the accidental injuries sustained and that claimant was totally dependent upon the earnings of said Robert Sigler for his own maintenance and support. An award is asked for medical and hospital indebtedness incurred in the sum of Two Hundred and Fifty Dollars ($250.00) and Thirty-seven Hundred Fifty Dollars ($3,750.00) compensation.

The Attorney General has filed a motion to dismiss for the reason that the records (of the State of Illinois) show the alleged injury occurred elsewhere than on the property of respondent; that there is no allegation in the complaint as to what the deceased was in fact doing at the time of the alleged injury; that there is no averment in the declaration as to where the accident occurred and that the declaration contains no averment that the duties or occupation of the deceased were extra-hazardous or that same were in fact within the Workmen's Compensation Act. The claimant has filed a brief and argument in opposition to the motion to dismiss. In same he departs from the averments of his declaration, wherein it is stated "that the towpath upon which the said Robert Sigler was walking at the time he was run over and injured by said truck was the towpath running

between the cities of Seneca and Marseilles, Illinois", and in such reply brief state that "if injured at a time when he was about one hundred feet from the canal and walking from the interurban station to the towpath to start on his regular trip along the towpath" that he would still be entitled to compensation and that claimant herein would be entitled to an award under the theory that this case is one of the exceptions to the general rule that a person's employment does not begin until he reaches the place where he is to work.

In view of the fact that the declaration does not contain any allegation that would show that the employee was engaged in any of the occupations which would come within either of the ten sub-divisions of Section 3 of the Workmen's Compensation Act, and no averment that the work in which said employee was engaged was in fact extra-hazardous, the motion of the Attorney General will be sustained, and the other objections which are primarily matters of proof will not be considered in determining the motion.

Contrary to the contention of counsel for claimant under point III of his reply brief, the court is of the opinion that in order to bring an employee within the purview of the Workmen's Compensation Act, so that an award could be recommended (if otherwise justified under the pleadings and proof), the State in its employment of such employee must have been engaged in one of the enterprises or businesses enumerated in one of the ten sub-sections of said Section 3 of the Compensation Act or such business or enterprise must have been in fact extra-hazardous.

The motion to dismiss the complaint is allowed and under the rules claimant will have thirty (30) days within which to file such amendment as he may desire.